UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RASHONDA L. WATKINS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 2:19-CV-411-JPK<br>) |
| DIANE HEIN, *et al.*,<br>    Defendants. | )<br>) |

## **OPINION AND ORDER**

This matter is before the Court on an oral motion to dismiss for lack of prosecution, raised by Defendants Diane Hein, Karyn Thompson, and Barb Stanley. Plaintiff Rashonda L. Watkins, *pro se*, did not respond, and the time to do so has passed. For the following reasons, the Court grants the motion and dismisses this matter for failure to prosecute.[1]

### **Background**

At the telephonic Rule 16 Preliminary Pretrial Conference held in this matter on June 3, 2020, the Court explained to Plaintiff that all parties, even those proceeding *pro se*, are expected to abide by the laws and rules of the Court, including the Federal Rules of Civil Procedure and the Northern District of Indiana Local Rules. The Court noted that Plaintiff must participate in all aspects of the case, attend hearings, and participate in the discovery process, which includes providing documents and information to Defendants and sitting for a deposition if required.

On December 23, 2020, Defendants filed a motion to compel Plaintiff's response to Defendants' request for production of documents. Plaintiff failed to file a response by the relevant deadline and, on January 20, 2021, the Court set this matter for a telephonic status conference on

---

[1] The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this motion pursuant to 28 U.S.C. § 636(c).

February 18, 2021. Plaintiff failed to appear on that date without explanation and, when the Court attempted to contact her at the telephone number she provided to the Court, an individual answered and stated that the Court had the wrong number.

The Court then set this matter for a hearing for March 5, 2021 and ordered Plaintiff to appear telephonically to show cause why the Court should not grant the relief requested in Defendants' motion to compel. (Feb. 19, 2021 Order, ECF No. 44). The Court further ordered Plaintiff to provide the Court with a working telephone number at which she could be reached and warned Plaintiff that the failure to appear, cooperate in discovery, or comply with the Federal Rules of Civil Procedure and Court orders could result in sanctions, including the dismissal of her case. *Id.*

On March 5, 2021, Plaintiff again failed to appear without explanation. The Court unsuccessfully attempted to contact Plaintiff at the phone number listed on the docket, as well as a different phone number listed in an exhibit to the memorandum in support of Defendants' motion to compel. After hearing from Defendants and noting that several attempts had been made to contact Plaintiff to no avail, the Court found that it was appropriate to grant the pending motion to compel. (*See* Mar. 17, 2021 Order, ECF No. 46 (explaining basis for granting motion to compel)). Defendants additionally moved orally to dismiss this matter for failure to prosecute, which the Court took under advisement. *Id.*

On March 17, 2021, the Court set this matter for a hearing on sanctions, pursuant to Federal Rule of Civil Procedure 37, to allow Plaintiff an opportunity to be heard regarding whether her failure to respond to Defendants' discovery requests was substantially justified or whether there were other circumstances that would make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A); Mar. 17, 2021 Order, ECF No. 46. The Court ordered Plaintiff to cooperate in the

scheduling of depositions and to serve Defendants with her responses to the requests for production on or before April 8, 2021. (Mar. 17, 2021 Order, ECF No. 46). The Court further ordered Plaintiff to file a notice, on or before April 8, 2021, stating that she intended to proceed with litigating this action. *Id.* Finally, the Court explicitly warned Plaintiff that the failure to comply with its order, cooperate in discovery, prosecute this action, or participate in Court proceedings could result in an entry of appropriate sanctions, up to and including dismissal of her claims with prejudice for failure to prosecute. *Id.*

Despite this warning, Plaintiff failed to file the required notice by the April 8, 2021 deadline. On April 15, 2021, the Court held a telephonic status conference at which Plaintiff appeared and participated. Defendants represented that Plaintiff had still failed to participate in discovery and again orally moved to dismiss this matter. The Court again took the motion under advisement and ordered Plaintiff to show cause via a written filing within fourteen days as to why she had not kept her contact information updated and why this case should not be dismissed.

**Standard of Review**

Pursuant to Federal Rule of Civil Procedure 41, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[D]ismissal for failure to prosecute is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000) (quotation marks and citation omitted); *see also Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018). A *pro se* plaintiff is under the same duty as an attorney to pursue a cause of action in accordance with court orders and the Federal Rules of Civil Procedure. *See Jackson v. City of Chicago*, No. 02 C 9113, 2004 WL 2958771, at *4 (N.D.

3

Ill. Nov. 19, 2004) (citing *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990)) ("A pro se plaintiff maintains the duty to diligently pursue his cause of action in accordance with court orders and the Federal Rules of Civil Procedure."). Accordingly, "Rule 41(b) authorizes the district court to dismiss a case regardless of whether a lawyer or a *pro se* party bears the responsibility for failure to prosecute." *Ovigyan v. City of Belleville*, No. 92-1727, 1993 WL 102648, *1 (7th Cir. 1993) (unpublished opinion) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

In most cases, courts should warn a plaintiff that a sanction such as dismissal may be imposed. *Gabriel v. Hamlin*, 514 F.3d 734, 737 (7th Cir. 2008); *see also Sharif v. Wellness Int'l Network*, Ltd., 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff."). However, where a litigant is *pro se*, "and so is particularly in need of the court's patience and instruction, [the Seventh Circuit Court of Appeals] has consistently held that a district court *must* give explicit warning prior to dismissing the case for want of prosecution." *Matter of Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995). The Court of Appeals has further advised that "'[d]ue warning' need not be repeated warnings and need not be formalized in a rule to show cause." *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). The Court in *Ball* specified that "[t]here is no 'grace period' before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed." *Id.* at 760.

The Seventh Circuit Court of Appeals has enumerated factors that a court should consider when contemplating a dismissal for failure to prosecute. "These factors include the frequency and magnitude of the plaintiff's failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the

plaintiff's suit." *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998); *see also Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003); *Ball*, 2 F.3d at 759-60; *Sanders v. Town Of Porter Police Dept.*, No. 2:05-CV-377, 2007 WL 1035084, at *1 (N.D. Ind. Mar. 29, 2007). A trial court has an obligation to control and manage its docket, and outright and consistent disregard for a court's scheduling orders may give the court sufficient reason to involuntarily dismiss an action for want of prosecution pursuant to Rule 41(b). *See Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004); *Williams*, 155 F.3d at 857-58. "Ultimately, the decision to dismiss 'depends on all the circumstances of the case.'" *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 932 (7th Cir. 2018) (quoting *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011)).

**Analysis**

The Court does not impose sanctions lightly, and the Court has given ample consideration to whether other actions or even lesser sanctions would be appropriate in this instance. Here, however, and as explained below, the Court finds that dismissal of this matter for failure to prosecute is proper at this time.

Turning to the factors enumerated in *Williams*, the Court addresses together the frequency and magnitude of Plaintiff's failure to comply with Court deadlines, the effect of these failures on the Court's time and schedule, and the prejudice to Defendants. *See* 155 F.3d at 857. Plaintiff has failed to appear at multiple proceedings. (May 20, 2020 Minute Entry, ECF No. 30 (noting Plaintiff failed to appear at Rule 16 preliminary pretrial conference); Feb. 18, 2021 Minute Entry, ECF No. 43 (noting Plaintiff failed to appear at telephonic status conference); Mar. 5, 2021 Minute Entry, ECF No. 45 (noting Plaintiff failed to appear at telephonic status conference)). Plaintiff has further repeatedly ignored Court orders instructing her to provide the Court and Defendants with

contact information, including a working telephone number at which she can be reached. (*See* Feb. 11, 2020 Order, ECF No. 12; Feb. 19, 2021 Order, ECF No. 44; Mar. 17, 2021 Order, ECF No. 46). Finally, Plaintiff has disregarded deadlines pertaining to discovery and to providing the Court with any assurance that she intends to proceed with litigating this action. (*See* Mar. 17, 2021 Order, ECF No. 46 (setting deadline by which Plaintiff was ordered to serve her past-due responses to discovery requests and provide the Court with notice that she intends to prosecute her case)). Plaintiff's conduct has cost the Court significant time and effort and has undoubtedly cost Defendants the same. Indeed, Plaintiff's failure to participate in this case in any meaningful way has surely impacted Defendants' ability to defend themselves against her claims, especially given Plaintiff's failure to participate in discovery beyond providing her initial disclosures.

The Court next addresses the probable merits of Plaintiff's suit. *See Williams*, 155 F.3d at 857. Plaintiff alleges that Defendants' conduct caused her housing assistance to be terminated, thereby violating her civil rights and right to fair and equal housing. (Compl., ECF No. 1). In their Answers, Defendants deny the substantive allegations contained in the Complaint. (Hein Answer, ECF No. 18; Stanley Answer, ECF No. 19; Thompson Answer, ECF No. 22). The only other substantive information in the record is contained in Defendants' and Plaintiff's initial disclosures. (*See* Defs.' Initial Disclosures, ECF No. 32; Pl.'s Initial Disclosures, ECF No. 33). From the little information available, it appears that Defendants may intend to argue that Plaintiff's own conduct contributed to or caused the termination of her housing assistance, rather than any illegal or otherwise violative action taken by Defendants. (*See* Defs.' Initial Disclosures, ECF No. 32 (noting incident in which law enforcement responded to a complaint that a child staying in Plaintiff's apartment was wandering the streets and that Plaintiff failed to timely appear at a hearing regarding the proposed termination of her housing assistance)). Regardless, and with so little information

available—and, to be clear, without the benefit of a response from Plaintiff stating why this case should not be dismissed, despite the Court's explicit command to provide such an explanation—the Court is unable to determine with any confidence the merits of Plaintiff's case.

This matter presents the rare "extreme situation" that calls for dismissal for failure to prosecute. *Kruger*, 214 F.3d at 787. Plaintiff has failed to meaningfully participate in discovery, failed to attend multiple proceedings in this matter without explanation, failed to provide the Court with a working telephone number at which to contact her despite being ordered to do so multiple times, failed to confirm that she intends to litigate this matter despite being ordered to do so and, finally, failed to show cause why she has neglected to provide the Court with her contact information and why this matter should not be dismissed for failure to prosecute. The Court has attempted to elicit a meaningful response from Plaintiff on this issue to no avail. Indeed, Plaintiff has been given multiple explicit warnings that her failure to appear, cooperate in discovery, or comply with the Federal Rules of Civil Procedure and Court orders could result in sanctions, including the dismissal of her case. (Feb. 19, 2021 Order, ECF No. 44; Mar. 17, 2021 Order, ECF No. 46).[2] Yet, still, this has neither resulted in Plaintiff's compliance with Court orders nor with seemingly any action on her part to move this case forward. Dismissal for failure to prosecute is an appropriate sanction at this juncture.

---

[2] It appears that the Court's March 17, 2021 Order was returned as undeliverable because Plaintiff failed to provide the Court with her correct mailing address. (*See* Mail Returned Notice, ECF No. 48; Mail Returned Notice, ECF No. 49). Regardless, Plaintiff was further warned that sanctions could be imposed, up to and including dismissal of her case, during the telephonic status conference held on April 15, 2021, at which she appeared. Furthermore, it appears that Plaintiff received at least one of this Court's orders requiring her to provide the Court and Defendants with a working telephone number, as she later filed a motion for default judgment that included both the telephone number and address listed on the docket. (*See* Feb. 10, 2020 Order, ECF No. 12 (ordering Plaintiff to provide the Court and Defendants with a working telephone number at which to contact her and issued prior to the filing of Plaintiff's motion for default judgment); Pl.'s Mot. Default J., ECF No. 14 (noting phone number and address for Plaintiff matching those listed on the docket)).

7

Accordingly, the Court hereby **GRANTS** Defendants' oral motion to dismiss for failure to prosecute and **ORDERS** that this case be **DISMISSED without prejudice**,[3] pursuant to Federal Rule of Civil Procedure 41(b). The Court **DIRECTS** the Clerk of Court to close this case.

So ORDERED this 25th day of May, 2021.

s/ Joshua P. Kolar<br>
MAGISTRATE JUDGE JOSHUA P. KOLAR<br>
UNITED STATES DISTRICT COURT

cc:   *Pro se* Plaintiff by first class and certified mail, return receipt requested

---

[3] Given Plaintiff's allegations regarding her housing situation and out of consideration for the current global pandemic, the Court exercises its discretion to dismiss this matter without prejudice, rather than with prejudice. *See* Fed. R. Civ. P. 41 ("*Unless the dismissal order states otherwise*, a dismissal under [Rule 41(b)] and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." (emphasis added)); *LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 608 (7th Cir. 1989) (recognizing that dismissal under Rule 41(b) may be without prejudice ("Rule 41(b) puts the burden on the plaintiff to take action—to persuade the district court either to specify that a dismissal is without prejudice, or to vacate the dismissal.")).